This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41570**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**TRAVIS WAYNE NOLAN a/k/a
TRAVIS NOLAN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence convicting him of one count of battery on a peace officer and one count of simple battery against a fellow inmate, based on Defendant's actions in the course of a fight at the Lincoln County Detention Center. On appeal, Defendant contends that the district erred by permitting the corrections officer to testify as to whether he considered Defendant's actions to be a meaningful challenge to the officer's authority. [BIC 4-9] Defendant argues that because the charge against him of battery against a peace officer required the jury to find that Defendant's conduct caused a meaningful challenge to the peace officer's authority, the officer's testimony constituted a legal conclusion that took this fact-finding function from the jury. [BIC 7-8; RP 193] *See State v. Padilla*, 1997-NMSC-022, ¶¶ 4-8, 11, 123 N.M. 216, 937 P.2d 492 (holding that battery on a peace officer requires proof of injury or conduct causing a meaningful challenge to authority); *see also* UJI 14-2211 NMRA. We disagree.

**{3}** At trial, the State presented testimonial and video evidence depicting each battery. [BIC 1] There was testimony that because correctional officers at the jail are outnumbered by inmates by a ratio of either 20 to 3 or 50-80 to 4-5 in each pod, it is important that inmates respect the officers in order to keep the peace inside the jail. [BIC 1-3] During the incident in question, as Defendant was seen hitting another inmate several times, Officer Hester and Lieutenant Simpson tried to calm Defendant down, de-escalate the situation, and remove Defendant. [BIC 2] Lieutenant Simpson testified that Defendant had to be removed from the pod to show the other inmates that this was not acceptable conduct in the pod. [BIC 3] Defendant was visibly agitated, walking back and forth, yelling what he had done, and acting aggressively with the officers. [BIC 2] As Lieutenant Simpson was trying to control the situation, Defendant came toward Lieutenant Simpson with fists raised and chest-bumped Lieutenant Simpson, pushing him backwards. [BIC 3]

**{4}** At trial, after Lieutenant Simpson described Defendant's actions, the prosecutor asked Lieutenant Simpson, "Did you consider that a meaningful challenge to your authority?" [BIC 6] To which Lieutenant Simpson responded, "Yes." [Id.]

**{5}** We are not persuaded that Lieutenant Simpson was asked to reach a legal conclusion or offered such a conclusion. The prosecutor did not ask Lieutenant Simpson whether the law would consider Defendant's actions to be a challenge to his authority or whether Defendant committed an offense. *Cf. Lytle v. Jordan*, 2001-NMSC-016, ¶ 49, 130 N.M. 198, 22 P.3d 666 (holding that the testimony of a witness was erroneously considered where the witness testified about her understanding of case law, "the proper application of existing law to the established historical facts . . . about the ultimate issue[, and] the proper outcome in this case"). Instead, Lieutenant Simpson was asked about how he viewed Defendant's conduct toward him, as the alleged victim. Rule 11-701 NMRA allows lay opinion when the witness's testimony is based on the witness's own perception and would be helpful to a determination of a fact in issue. The

jury was free to reject the officer's opinion and had plenty of evidence against which to assess the officer's opinion. *Cf. Lopez v. Heesen*, 1961-NMSC-122, ¶ 28, 69 N.M. 206, 365 P.2d 448 ("Opinion evidence on an ultimate issue of fact does not attempt or have the power to usurp the functions of the jury, and this evidence could not usurp the jury's function because the jury may still reject these opinions and accept some other view.").

{6}    However, even if it was error to allow Lieutenant Simpson to testify as to whether he considered Defendant's actions to meaningfully challenge his authority, it was harmless. Evidentiary error that does not implicate constitutional rights is reviewed for nonconstitutional harmless error. *See State v. Serna*, 2013-NMSC-033, ¶ 22, 305 P.3d 936. "[N]on-constitutional error is harmless when there is no reasonable probability the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (emphasis, internal quotation marks, and citation omitted). When assessing the probable impact of evidentiary error, we evaluate all the circumstances including the source of the error, emphasis on the error, other, nonobjectionable evidence of guilt, the importance of the improper evidence, and whether it was cumulative or introduced new facts. *See State v. Duran*, 2015-NMCA-015, ¶ 20, 343 P.3d 207.

{7}    In the present case, the jury was shown the video evidence of the incident and Defendant's actions. [BIC 1, 8] It also heard testimony about the need for corrections officers to be respected, and the importance of maintaining a safe environment and control of the inmates in order to keep the peace in the jail, in which the corrections officers were far outnumbered. [BIC 2-3, 8] The evidence showed Defendant acting aggressively and threateningly toward the two officers who were trying to de-escalate the situation, including Lieutenant Simpson. [Id.] Having viewed Defendant's conduct and his act of chest-bumping Lieutenant Simpson and pushing him back, as Lieutenant Simpson was attempting to assert his authority to calm down Defendant and remove him from the pod, the jury did not need to hear Lieutenant Simpson's opinion on Defendant's conduct to reach its verdict. [Id.] The objective evidence showed that Defendant's actions presented a meaningful challenge to Lieutenant Simpson's authority and that Lieutenant Simpson would likely view it that way, even if the prosecutor had not asked for the lieutenant's opinion. Additionally, the prosecutor asked a yes or no question, did not further question the lieutenant on his view of Defendant's conduct, or place emphasis on the lieutenant's opinion. [BIC 6, 8] Thus, we are satisfied that there is no reasonable probability that the officer's answer affected the verdict. *Id.*

{8}    Based on the foregoing, we affirm Defendant's conviction for battery on a peace officer.

{9}    **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**